IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES WARDELL QUARY,

        Petitioner,

vs.                                                Case No. 18-3158-SAC

UNITED STATES OF AMERICA,

        Respondent.

**O R D E R**

This case is before the court upon a petition for relief pursuant to 28 U.S.C. § 2241. In 1997, the petitioner was convicted by a jury of multiple drug offenses and received a life sentence with a consecutive term of 60 months on a firearms offense brought pursuant to 18 U.S.C. § 924(c). His convictions and sentences were affirmed on direct appeal and his first § 2255 motion was denied by this court and on appeal. His life sentence was reduced to 360 months in August 2015 pursuant to 18 U.S.C. § 3582(c)(2). On August 3, 2017, petitioner filed another § 2255 motion. This court determined that the motion was a second or successive § 2255 motion for which petitioner had not received authorization from the circuit court as required by § 2255(h). Doc. No. 874. The Tenth Circuit upheld this decision and denied a certificate of appealability. Doc. No. 881.

The § 2241 petition now before the court argues that petitioner's conviction upon the § 924(c) count should be vacated because the court's aiding and abetting instructions at trial were erroneous as decided by the Supreme Court in Rosemond v. United States, 572 U.S. 65 (2014). There, the Court held that an unarmed accomplice cannot aid and abet a § 924(c) violation unless he has foreknowledge that his alleged partner in the crime will commit the offense with a firearm. Id. at 72. So, jury instructions must explain the need for advance knowledge of a firearm's presence. Id. at 81-82.

Because petitioner is challenging the validity of his conviction following the conclusion of a direct appeal, ordinarily a § 2255 motion is required. Hale v. Fox, 829 F.3d 1162, 1165 (10th Cir. 2016). But, in rare situations, a prisoner may attack his conviction by bringing a § 2241 petition under the "savings clause" of § 2255(e). Id. The savings clause provides that a § 2241 petition for habeas corpus relief may be brought in instances where the petitioner has not applied for or been denied relief under § 2255, if it appears that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e). If a petitioner fails to establish the requirements of the savings clause, the court lacks statutory jurisdiction to hear his habeas claims. Abernathy v. Wandes, 713 F.3d 538, 557 (10th Cir. 2013).

Petitioner argues that the court has statutory jurisdiction to consider his claim pursuant to the savings clause. As petitioner seems to concede however,[1] his position is contrary to Tenth Circuit law as described in Prost v. Anderson, 636 F.3d 578 (10th Cir. 2011) and later cases. In Prost, the court held that if "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion . . . , then the petitioner may not resort to the savings clause and § 2241." Id. at 584. This path was available to petitioner when he filed his initial § 2255 motion and bars application of the savings clause, even if the only way he could have prevailed is if he "anticipated [Rosemond], argued it in the face of conflicting [Tenth] Circuit precedent, secured a writ of certiorari or en banc review, and convinced the Supreme Court or en banc [Tenth] Circuit that his position was correct." Lewis v. English, 2018 WL 2684276 *2 (10th Cir. 6/5/2018) petition for cert. filed 9/4/2018; see also, Sandlain v. English, 714 Fed.Appx. 827, 830-31 (10th Cir. 2017) cert. denied, 138 S.Ct. 1574 (2018); Haskell v. Daniels, 510 Fed.Appx. 742, 745 (10th Cir. 2013). For this reason, petitioner's request for relief must be denied.

While petitioner may not require a certificate of appealability in order to appeal this decision (see 28 U.S.C. §

---

[1] See Doc. No. 2 pp. 7-8.

2253(c)), if petitioner were to seek a certificate of appealability, the court would deny the request on the grounds that any appeal from the instant order would not be taken in good faith.

In summary, for the above-stated reasons, the court dismisses petitioner's request for relief under § 2241 for lack of jurisdiction and the court hereby denies any request for a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 18th day of September, 2018, at Topeka, Kansas.


s/Sam A. Crow _____
Sam A. Crow, U.S. District Senior Judge